# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JESSICA BARRAZA,

    Petitioner,

vs.

J. GENTRY, *et al.*,

    Respondents.

2:14-cv-01185-APG-PAL

**ORDER**

    This action is a petition for writ of habeas corpus, by Jessica Barraza, who was convicted of second degree murder in 2007 in Nevada's Eighth Judicial District Court. *See* Petition for Writ of Habeas Corpus (ECF No. 1), pp. 1-2. The court received Barraza's *pro se* habeas corpus petition on July 18, 2014.

    On December 1, 2014, respondents filed a motion to dismiss (ECF No. 4). Respondents move to dismiss Barraza's petition "on the ground of vagueness and [Barraza's] failure to comply with Habeas Corpus Rule 2." Motion to Dismiss (ECF No. 4), p. 1. Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts requires that the habeas petition "must (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Respondents argue: "The petition in this matter is wholly

devoid of any facts for any of the claims whatsoever, simply referring to an outside 'supplemental brief' that does not accompany the petition." *Id*. at 2. Respondents argue that Barraza's petition should be dismissed, or, alternatively, she should be required to file and serve an amended petition. *Id*.

In response, Barraza argues that her habeas petition is supported by three briefs, which provide the information required by Rule 2. Opposition to State's Motion to Dismiss Writ of Habeas Corpus (ECF No. 6), p. 3.

The electronic file for this action does include three briefs filed by Barraza in support of her habeas petition. Those briefs, entitled "Brief in Support of Writ of Habeas Corpus," "Supplemental Brief One in Support of Writ of Habeas Corpus," and "Supplemental Brief Two in Support of Writ of Habeas Corpus," are filed as attachments to the habeas petition at ECF No. 1 in the electronic record. Respondents' counsel should have access to those documents in the electronic file (if not, counsel should contact the clerk of the court to obtain access to those documents or copies of them).

The court has reviewed Barraza's petition, and the supporting briefs attached to it, and finds that, as a matter of form, the petition, with the supporting briefs, plainly satisfies the requirements of Rule 2, and warrants a response from respondents. Respondents' motion to dismiss will be denied.

Respondents will be granted time to file and serve a further response to the habeas petition in this action. Under the circumstances, that further response may be a motion or an answer. Whether it is a motion or an answer, however, it should include all procedural defenses that respondents wish to assert in this action (*e.g.* statute of limitations, exhaustion, procedural default).

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss Petition for Writ of Habeas Corpus (ECF No. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents shall, within **45 days** from the date that this order is filed, file and serve a further response to the petition for writ of habeas corpus (ECF No. 1) as discussed above.

**IT IS FURTHER ORDERED** that, if respondents file an answer, petitioner shall have 45 days from the date on which the answer is served to file and serve a reply.

**IT IS FURTHER ORDERED** that, if respondents file a motion to dismiss, petitioner shall have 45 days to respond to the motion to dismiss, and respondents shall, thereafter, have 30 days to file a reply in support of the motion.

Dated this 29th day of May, 2015.

_____
UNITED STATES DISTRICT JUDGE

3