UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JESSICA BARRAZA,

    Petitioner,

vs.

J. GENTRY, *et al.*,

    Respondents.

_____/

2:14-cv-01185-APG-PAL

**ORDER**

**Introduction**

    This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Jessica Barraza, a Nevada prisoner. The respondents have filed a motion to dismiss, arguing that various of the claims in Barraza's petition fail to state claims upon which relief could be granted. The court will grant respondents' motion in part and deny it in part. The court will grant respondents' motion with respect to Claims 5, 6 and 9 of Barraza's petition, and will dismiss those claims. In all other respects, the motion to dismiss will be denied.

**Background**

    Barraza was convicted, on November 2, 2007, in Nevada's Eighth Judicial District Court, in Clark County, of second degree murder with use of a deadly weapon. *See* Judgment of Conviction, Exhibit 1.[1][2] She was sentenced to life in prison with the possibility of parole after 10 years for the murder, and a consecutive term of life in prison with the possibility of parole after 10 years for the use of a deadly weapon. *See id.*

---

[1] The exhibits referred to by number in this order were filed by respondents, and are located in the record at ECF No. 11.

[2] As the respondents have yet to file the complete state-court record, the court has little information regarding he factual background of the case.

The Nevada Supreme Court affirmed the judgment of conviction on August 3, 2009. *See* Order of Affirmance, Exhibit 2. The United States Supreme Court denied Barraza's petition for a writ of certiorari on June 7, 2010. *See* Supreme Court Docket, Exhibit 4.

Barraza filed a post-conviction petition for writ of habeas corpus in the state district court, and the state district court denied that petition. *See* Order of Affirmance, Exhibit 3, p. 4. Barraza appealed, and the Nevada Supreme Court affirmed on March 12, 2014. *See id.*

This court received Barraza's federal habeas petition, along with three briefs in support of the petition, initiating this action *pro se*, on July 18, 2014 (ECF Nos. 1, 1-1, 1-2, and 1-3). Barraza's petition asserts the following 13 claims:

1. Barraza's trial counsel was ineffective, in violation of her federal constitutional rights, for failing to object to an improper jury instruction pertaining to the deadly weapon enhancement. *See* Petition for Writ of Habeas Corpus (ECF No. 1), pp. 3-4; Brief in Support of Writ of Habeas Corpus (ECF No. 1-1), pp. 16-26; Supplemental Brief One in Support of Writ of Habeas Corpus (ECF No. 1-2), pp. 4-9.

2. Barraza's trial counsel was ineffective, in violation of her federal constitutional rights, for failing to object to an improper jury instruction pertaining to involuntary and voluntary manslaughter. *See* Petition for Writ of Habeas Corpus, pp. 5-6; Brief in Support of Writ of Habeas Corpus, pp. 27-38; Supplemental Brief One in Support of Writ of Habeas Corpus, pp. 9-14; Supplemental Brief Two in Support of Writ of Habeas Corpus (ECF No. 1-2), pp. 25-37.

3. Barraza's trial counsel was ineffective, in violation of her federal constitutional rights, for failing to object to an improper jury instruction pertaining to voluntary manslaughter. *See* Petition for Writ of Habeas Corpus, pp. 7-8; Brief in Support of Writ of Habeas Corpus, pp. 39-45; Supplemental Brief One in Support of Writ of Habeas Corpus, pp. 14-18.

4. Barraza's trial counsel was ineffective, in violation of her federal constitutional rights, for failing to object to improper witness testimony. *See* Petition for Writ of Habeas Corpus, pp. 9-10; Brief in Support of Writ of Habeas Corpus, pp. 45-53; Supplemental Brief One in Support of Writ of Habeas Corpus, pp. 18-20.

5. The state district court violated Barraza's federal constitutional rights by denying her an evidentiary hearing on her post-conviction petition for writ of habeas corpus. *See* Petition for Writ of Habeas Corpus, pp. 11-12; Brief in Support of Writ of Habeas Corpus, pp. 54-58; Supplemental Brief One in Support of Writ of Habeas Corpus, pp. 20-21.

6. The state district court violated Barraza's federal constitutional rights by

finding that claims made in her post-conviction petition for writ of habeas corpus were barred by the law of the case doctrine. See Petition for Writ of Habeas Corpus, pp. 13-14; Brief in Support of Writ of Habeas Corpus, pp. 58-64; Supplemental Brief One in Support of Writ of Habeas Corpus, pp. 22-23.

7. Barraza's appellate counsel was ineffective, in violation of her federal constitutional rights, regarding jury instruction 15 and instructions on voluntary manslaughter. See Petition for Writ of Habeas Corpus, pp. 15-16; Brief in Support of Writ of Habeas Corpus, pp. 64-65.

8. Barraza's federal constitutional rights were violated because "[t]he State commented on Barraza's decision not to testify while addressing an evidentiary objection to testimony presented by defense counsel." See Petition for Writ of Habeas Corpus, pp. 17-18; Supplemental Brief Two in Support of Writ of Habeas Corpus, pp. 10-12.

9. Barraza's federal constitutional rights were violated because the trial court "permitted the State to ask questions concerning uncharged misconduct allegedly committed by Barraza without establishing the admissibility of such evidence at a *Petrocelli* Hearing, and no cautionary instruction was given." See Petition for Writ of Habeas Corpus, pp. 19-20; Supplemental Brief Two in Support of Writ of Habeas Corpus, pp. 12-15.

10. Barraza's federal constitutional rights were violated because "[t]he State presented victim impact evidence during the guilt phase of the trial for the purposes of invoking sympathy and emotional responses from jurors." See Petition for Writ of Habeas Corpus, pp. 21-22; Supplemental Brief Two in Support of Writ of Habeas Corpus, pp. 15-17.

11. Barraza's federal constitutional rights were violated because a detective "gave extensive testimony concerning his beliefs as to Barraza's truthfulness, mental state and other factual matters that should have been properly left to the jury for its determination." See Petition for Writ of Habeas Corpus, pp. 23-24; Supplemental Brief Two in Support of Writ of Habeas Corpus, pp. 17-20.

12. Barraza's federal constitutional rights were violated because evidence was admitted at trial concerning statements made by an individual in response to questions asked by a police officer, though the individual was not subject to confrontation or cross-examination. See Petition for Writ of Habeas Corpus, pp. 25-26; Supplemental Brief Two in Support of Writ of Habeas Corpus, pp. 20-25.

13. Barraza's federal constitutional rights were violated because she was not sentenced under the amended version of NRS 193.165. See Petition for Writ of Habeas Corpus, pp. 27-28; Supplemental Brief Two in Support of Writ of Habeas Corpus, pp. 43-49.

On December 1, 2014, respondents filed a motion to dismiss (Dkt. #4), arguing that Barraza had not complied with Rule 2 of the Rules Governing Section 2254 Cases in the United States

District Courts, and that her petition was vague. On June 2, 2015, the court denied that motion to dismiss and directed respondents to further respond to Barraza's petition (Dkt. #9).

On July 14, 2015, respondents filed the motion to dismiss that is now before the court (Dkt. #10), asserting that various of the claims in Barraza's petition fail to state claims upon which relief could be granted. Barraza filed an opposition to that motion on October 26, 2015 (Dkt. #17). Respondents did not reply.

**Discussion**

Claims 1, 2, 3 and 4

Claims 1, 2, 3 and 4 assert that Barraza's federal constitutional rights were violated on account of ineffective assistance of her trial counsel.[3] Respondents argue that, rather than alleging unconstitutional ineffective assistance of counsel, the claims allege that the state district court erred in her state habeas action in denying Barraza's claims of ineffective assistance of counsel. *See* Motion to Dismiss, pp. 4-6.

Claims 1, 2, 3 and 4 adequately state claims of ineffective assistance of counsel.[4] I recognize that Barraza's claims are presented, in large part, by submitting to this court copies of material that she filed in state court. Therefore, in this context, some of what is presented carries little force or is

---

[3] *See*, regarding Claim 1, Petition for Writ of Habeas Corpus, pp. 3-4; Brief in Support of Writ of Habeas Corpus, pp. 16-26; Supplemental Brief One in Support of Writ of Habeas Corpus, pp. 4-9; *see*, regarding, Claim 2, Petition for Writ of Habeas Corpus, pp. 5-6; Brief in Support of Writ of Habeas Corpus, pp. 27-38; Supplemental Brief One in Support of Writ of Habeas Corpus, pp. 9-14; Supplemental Brief Two in Support of Writ of Habeas Corpus, pp. 25-37; *see*, regarding Claim 3, Petition for Writ of Habeas Corpus, pp. 7-8; Brief in Support of Writ of Habeas Corpus, pp. 39-45; Supplemental Brief One in Support of Writ of Habeas Corpus, pp. 14-18; *see*, regarding Claim 4, Petition for Writ of Habeas Corpus, pp. 9-10; Brief in Support of Writ of Habeas Corpus, pp. 45-53; Supplemental Brief One in Support of Writ of Habeas Corpus, pp. 18-20.

[4] *See, e.g.*, regarding Claim 1, Brief in Support of Writ of Habeas Corpus, p. 16 ("Trial counsel was ineffective for failing to object to Jury Instruction sixteen ...."); *see, e.g.*, regarding Claim 2, Brief in Support of Writ of Habeas Corpus, p. 27 ("Trial counsel was ineffective for failing to object to Jury Instruction fifteen ...."); *see, e.g.*, regarding Claim 3, Brief in Support of Writ of Habeas Corpus, p. 43 ("Failure to request a jury instruction requiring that the State meet its burden of proving that the crime did not occur in a heat of passion constitutes ineffective assistance of counsel."); *see, e.g.*, regarding Claim 4, Brief in Support of Writ of Habeas Corpus, p. 45 ("Trial counsel was ineffective for failing to object to the testimony of Detective Mark McNett at trial.").

even nonsensical. Nevertheless, Claims 1, 2, 3 and 4 adequately plead claims of unconstitutional ineffective assistance of counsel. Respondents' motion to dismiss will be denied with respect to Claims 1, 2, 3 and 4.

### Claim 5

Claim 5 asserts that the state district court violated Barraza's federal constitutional rights by denying her an evidentiary hearing on her post-conviction petition for writ of habeas corpus. *See* Petition for Writ of Habeas Corpus, pp. 11-12; Brief in Support of Writ of Habeas Corpus, pp. 54-58; Supplemental Brief One in Support of Writ of Habeas Corpus, pp. 20-21. This claim is not cognizable in this federal habeas corpus action. "[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." *Cooper v. Neven*, 641 F.3d 322, 331-32 (9th Cir. 2011) (quoting *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam)). With respect to Claim 5, respondents' motion to dismiss will be granted and the claim will be dismissed.

### Claim 6

Claim 6 asserts claims that the state district court violated Barraza's federal constitutional rights by finding that claims made in her post-conviction petition for writ of habeas corpus were barred by the law of the case doctrine. *See* Petition for Writ of Habeas Corpus, pp. 13-14; Brief in Support of Writ of Habeas Corpus, pp. 58-64; Supplemental Brief One in Support of Writ of Habeas Corpus, pp. 22-23. This claim, like Claim 5, alleges procedural error in Barraza's state habeas corpus proceedings. This claim is not cognizable in this federal habeas corpus action. *See Cooper*, 641 F.3d at 331-32. With respect to Claim 6, respondents' motion to dismiss will be granted and the claim will be dismissed.

### Claim 7

In Claim 7, Barraza claims that her appellate counsel was ineffective, in violation of her federal constitutional rights, regarding jury instruction 15 and instructions on voluntary manslaughter. *See* Petition for Writ of Habeas Corpus, pp. 15-16; Brief in Support of Writ of

1  Habeas Corpus, pp. 64-65.  Respondents argue that the claim is premised on facts that are belied by
2  the record.  See Motion to Dismiss, p. 7.  Respondents' argument goes to the merits of the claim.  As
3  such, it will be better addressed after respondents file their answer and the complete state-court
4  record, and after Barraza files a reply.  Thus, respondents' motion to dismiss with regard to Claim 7
5  will be denied without prejudice to their making the same argument in their answer.

       Claim 9

7      Claim 9 asserts that her Barraza's federal constitutional rights were violated because the trial
8  court "permitted the State to ask questions concerning uncharged misconduct allegedly committed by
9  Barraza without establishing the admissibility of such evidence at a *Petrocelli* Hearing, and no
10 cautionary instruction was given."  See Petition for Writ of Habeas Corpus, pp. 19-20; Supplemental
11 Brief Two in Support of Writ of Habeas Corpus, pp. 12-15.  Such allegations–that the state trial
12 court violated the petitioner's due process rights by admitting evidence of prior bad acts–do not state
13 a claim that could warrant federal habeas corpus relief.  See *Mejia v. Garcia*, 534 F.3d 1036, 1046
14 (9th Cir.2008) (citing *Alberni v. McDaniel*, 458 F.3d 860 (9th Cir.2006), *cert. denied*, 549 U.S. 1287
15 (2007)).  The Supreme Court has expressly reserved consideration of whether the admission of
16 evidence of prior bad acts under state law may constitute a due process violation.  See *Alberni*, 458
17 F.3d at 864 (citing *Estelle v. McGuire*, 502 U.S. 62, 75 n. 5 (1991)).  Therefore, the state court did
18 not act "objectively unreasonably in determining that the propensity evidence introduced against the
19 defendant did not violate his due process" rights.  *Mejia*, 534 F.3d at 1046.  Because Claim 9 does
20 not state a viable claim for federal habeas corpus relief, respondents' motion to dismiss that claim
21 will be granted.

22     **IT IS THEREFORE ORDERED** that respondents' motion to dismiss (Dkt. #10) is
23 **GRANTED IN PART AND DENIED IN PART**.  Claims 5, 6 and 9 of the petition for writ of
24 habeas corpus (Dkt. #1) are dismissed.  In all other respects, the respondents' motion to dismiss is
25 denied.
26 / / / /

**IT IS FURTHER ORDERED** that the respondents shall have **60 days** from the date on which this order is filed to file and serve an answer responding to the petitioner's remaining claims (Claims 1, 2, 3, 4, 7, 8, 10, 11, 12, and 13 of the habeas petition (Dkt. #1)). Petitioner shall then have **60 days** to file and serve a reply to the respondents' answer.

Dated this 11th day of December, 2015.

_____
Andrew P. Gordon
UNITED STATES DISTRICT JUDGE